UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA A. SASSAN,

       Plaintiff,

v.                                                Case No. 1:08-cv-120
                                                Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI).

Plaintiff was born on October 20, 1967, and completed the 8th grade (AR 55, 91).[1] She alleges a disability onset date of September 22, 2005 (AR 55). Plaintiff had previous employment as a housekeeper, daycare provider and restaurant crew member (AR 67, 87). Plaintiff identified her disabling conditions as cervical stenosis, hepatitis C and high cholesterol, which results in extreme neck pain, difficulty in performing daily tasks and fatigue (AR 86).

After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on January 19, 2007

---

[1] Citations to the administrative record will be referenced as (AR "page #").

(AR 15-21). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases.  *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265,

3

1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991).  "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).  *See Brooks v. Sullivan*, No. 90-5947, 1991 WL 158744 at *2 (6th Cir. Aug. 14,1991) ("[t]o establish medical eligibility for SSI, plaintiff must show either that he was disabled when he applied for benefits . . . or that he became disabled prior to the Secretary's issuing of the final decision on this claim . . . 20 C.F.R. §§ 416.335, 416.330").

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation.  Following the five steps, the ALJ initially found that plaintiff has not engaged in substantial gainful activity since September 22, 2005 (AR 17).  Second, the ALJ found that she suffered from severe impairments of "congenital fusion of cervical spine with degenerative disc disease and spondylosis" (AR 17).  At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 18).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC):

> to perform sedentary work activity that involves lifting and/or carrying 10 pounds occasionally and less than 10 pounds frequently; standing and/or walking with normal breaks in an 8-hour day; sitting about 6 hours in an 8-hour day; occasional balancing and crawling; limited reaching in all directions; environmental limitations which include avoidance of concentrated exposure to extremes of cold, heat and wetness and avoidance of even moderate exposure to vibration; and no head twisting or extension and high impact activities.

(AR 18).  The ALJ found that plaintiff had no past relevant work (AR 19).

4

At the fifth step, the ALJ determined that plaintiff had the RFC to perform 10,000 "sedentary, unskilled occupations in the manufacturing job arena" (AR 20). These jobs included manufacturing, assembly, sorting, grading, checking, fabrication and packaging (AR 262). Accordingly, the ALJ determined that plaintiff was not under a disability and entered a decision denying benefits (AR 20-21).

### III.  ANALYSIS

Plaintiff's brief presents three issues for review.

#### A.    The ALJ failed to incorporate all of plaintiff's impairments into the RFC

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. § 416.945. RFC is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs" on a regular and continuing basis. 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c); *See Cohen v. Secretary of Health and Human Servs.*, 964 F.2d 524, 530 (6th Cir. 1992). After reviewing the medical evidence in this case, the ALJ agreed with the "ultimate conclusions" regarding plaintiff's RFC expressed by the "State Agency physician who reviewed the case at the initial consideration level" (AR 19). It is unclear, however, whether the ALJ's statement refers to the conclusions of June Hillelson, D.O., who examined plaintiff in February 2006 (AR 184-92) or to the RFC assessment by DDS examiner Candace Van Orman in March 2006 (AR 193-200). Plaintiff contends that the ALJ failed to incorporate the following limitations in the RFC finding: fatigue from Hepatitis C, depression, carpal tunnel syndrome, limited ability to perform pushing and pulling, and limitations on flexion. Plaintiff's Initial Brief at 11-13.

5

### 1. Carpal tunnel syndrome

The ALJ does not address plaintiff's carpal tunnel syndrome. In July 2006, plaintiff complained that she suffered from "numbness and tingling in bilateral upper extremities when sleeping" (AR 226). An orthopedic surgery resident diagnosed plaintiff with bilateral carpal tunnel syndrome and gave her wrist splints to be used at night to decrease numbness and tingling (AR 226). Plaintiff did not report any other symptoms related to carpal tunnel syndrome to the doctor (AR 226). In addition, plaintiff did not mention these symptoms to the ALJ during the administrative hearing (AR 238-65). Although plaintiff was diagnosed with carpal tunnel syndrome, she did not describe any work related limitations arising from that condition. "[T]he mere diagnosis of an impairment does not render an individual disabled nor does it reveal anything about the limitations, if any, it imposes upon an individual." *McKenzie v. Commissioner of Social Security*, No. 99-3400, 2000 WL 687680 at *5 (6th Cir. May 19, 2000), *citing Foster v. Bowen*, 853 F.2d 488, 489 (6th Cir. 1988). Accordingly, the ALJ did not commit error in failing to include this alleged impairment in the RFC.

### 2. Depression

Similarly, plaintiff complains that the ALJ failed to evaluate her depression. This claim arises from a statement in a letter dated December 14, 2006, from plaintiff's therapist to the ALJ, stating that plaintiff began counseling in November 2006 and that she "will be treated for substance abuse and depression" (AR 232). Plaintiff's Initial Brief at 10. Assuming that the therapist's statement constitutes a diagnosis of depression, plaintiff presented no evidence regarding the limitations posed by this impairment. This diagnosis does not reveal the limitations caused by

the depression. *See McKenzie*, 2000 WL 687680 at *5; *Foster*, 853 F.2d at 489. Accordingly, the ALJ did not commit error in failing to include this alleged impairment in the RFC.

### 3. Hepatitis C

The ALJ found that while plaintiff has Hepatitis C, she suffers no limitations from this impairment (AR 18). This finding is consistent with Dr. Hillelson's determination that plaintiff's fatigue caused by the Hepatitis did not require any restrictions at this point in time (AR 187). Accordingly, substantial evidence supports the ALJ's finding that plaintiff suffered no limitation from condition.

### 4. Neck flexion and ability to push and pull

The ALJ found that plaintiff could perform a range of sedentary work (AR 18). This finding is consistent with Dr. Hillelson's restriction that plaintiff should not be lifting more than 10 pounds and should not be performing head twisting or extension, or "high impact activities" (AR 187). Accordingly, these aspects of the ALJ's RFC finding are supported by substantial evidence.

However, the court agrees with plaintiff that the ALJ's RFC finding failed to address her limitations in neck flexion and pushing and pulling. The ALJ noted plaintiff's testimony that her neck mobility was limited by about 50% (AR 19, 247) and that the limited mobility would cause difficulty in performing benchwork (AR 19). This finding could be consistent with Dr. Hillelson's finding that plaintiff had range of motion deficits in all aspects of her cervical spine (i.e., flexion, extension, right lateral flexion, left lateral flexion, right rotation and left rotation) (AR 191).

When questioning the vocational expert (VE), the ALJ observed that Dr. Hillelson's opinion "[d]oesn't mention flexion" (AR 263). This observation appears incorrect. While Dr. Hillelson's letter does not explicitly refer to a limitation in "flexion," the doctor's range of motion

7

evaluation indicates that plaintiff's cervical spine "flexion" is below normal (AR 191). Plaintiff's ability to perform flexion is relevant because the VE found that the inability to perform prolonged forward flexion would preclude all of the identified manufacturing jobs (AR 263). Accordingly, this matter should be reversed and remanded for a clarification on plaintiff's limitations on neck flexion.

In addition, both Dr. Hillelson and the DDS disability examiner found that plaintiff had restrictions in pushing and pulling with her upper extremities (AR 190, 194). Dr. Hillelson rated plaintiff's ability to carry, push and pull at 5 to 10 pounds (AR 190). The DDS Examiner found that plaintiff's ability to "push and/or pull" was limited in the upper extremities (AR 194) and that she had manipulative limitations in "reaching all directions (including overhead)" (AR 196). The undisputed medical evidence established that plaintiff had restrictions in pushing and pulling with her upper extremities. The ALJ's failure to acknowledge this undisputed limitation in the RFC constitutes error. Accordingly, this matter should be reversed and remanded, so that the ALJ can address plaintiff's limitation on pushing and pulling, including the manipulative limitations as determined by the DDS examiner.

### B.     The ALJ failed to consider plaintiff's credibility according to SSR 96-7p

An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993) (an ALJ's credibility determinations are accorded deference and not lightly discarded).

In evaluating plaintiff's credibility, the ALJ noted plaintiff's testimony that she could walk one block, stand for about ½ hour, be on her feet about 1 ½ hours in an 8-hour day, sit about 10-20 minutes, bend at the waist and lift her granddaughter (who weighs 18 pounds) on an infrequent basis (AR 19). Plaintiff also stated that she had no limitations in dealing with the public or co-workers, and no limitations in her ability to perform complicated or detailed work (AR 19). The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible (AR 19). In reaching this determination, the ALJ observed that plaintiff was able to care for her own personal needs, work as a chore-person for a gentleman, and perform daycare for 15 hours per week (AR 19). Plaintiff's ability to perform chores for another person and provide daycare are inconsistent her alleged limitations. Contradictions exist among the medical records, claimant's testimony and other evidence. *See Walters*, 127 F.3d at 531. Accordingly, the ALJ could properly discount plaintiff's credibility.

Plaintiff contends that the ALJ did not properly consider her subjective complaints, because he failed to discuss the seven factors used to assess the credibility of an individual's statements under SSR 96-7p and as required by 20 C.F.R. § 416.929 ("How we evaluate symptoms, including pain"). The seven factors to be considered include: the claimant's daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; treatment, other than medication, received for relief of pain or other symptoms; any measures used to relieve pain or other symptoms; and, other factors concerning functional

limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 416.929(c)(3)(i-vii). Plaintiff gives no examples of specific omissions or errors by the ALJ. Rather, she simply states that the ALJ's credibility finding is vague. Plaintiff's Initial Brief at 15. A review of the record indicates that the ALJ considered the seven factors as set forth in § 416.929 (AR 18). Although the ALJ did not structure his opinion with separate subsections addressing each factor, he considered the relevant factors while discussing plaintiff's history of treatment, subjective complaints and activities of daily living (AR 17-19).

### C. The ALJ failed to meet his burden at step five

#### 1. Hypothetical question posed to the VE

Next, plaintiff contends that the ALJ failed to pose an appropriate hypothetical question to the VE. An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question which accurately portrays the claimant's physical and mental impairments. *Id.* However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). *See also Stanley v. Secretary of Health and Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994) ("the ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals").

Here, plaintiff contends that the ALJ's hypothetical posed to the VE was defective because it did not include "limitations on push/pull, fatigue due to Hepatitis C, depression and carpal

10

tunnel." Plaintiff's Initial Brief at 19. As previously discussed, the ALJ could properly reject plaintiff's claims regarding Hepatitis C fatigue, depression and carpal tunnel syndrome. However, the RFC finding and the hypothetical question posed to the VE should have addressed the limitations on plaintiff's ability to push and pull. Accordingly, on remand, the Commissioner should address the pushing and pulling limitations on plaintiff's ability to perform other work at step five of the sequential evaluation.

### 2. VE's testimony regarding available jobs

Plaintiff contends that the VE's testimony was very vague. In response to the ALJ's first hypothetical question, the VE identified "approximately 10,000 unskilled manufacturing, assembly, sorting, grading, checking, fabrication and packaging [jobs] in the State of Michigan (AR 262). Then, when given additional hypothetical limitations that plaintiff should not be performing "head twisting or extension," the VE testified that there would be no change in the "10,000 unskilled sedentary manufacturing" jobs (AR 263). When reviewing the hearing transcript as a whole, it appears that in both instances, the VE is referring to the same pool of 10,000 jobs. Nevertheless, on remand, the Commissioner will have an opportunity to re-evaluate all of the vocational evidence at step five of the sequential evaluation.

### 3. VE's testimony and the Dictionary of Occupational Titles

Finally, plaintiff contends that the occupation of "unskilled sedentary manufacturing job" does not exist in the Dictionary of Occupational Titles ("DOT") and that the ALJ erred because he failed to ask the VE if the jobs identified by him are consistent with the DOT. Plaintiff's Initial Brief at 20. Plaintiff's contention is without merit. The Sixth Circuit has rejected the argument that the Commissioner is bound by the DOT's characterization of occupations, holding that "the ALJ and

consulting vocational experts are not bound by the Dictionary in making disability determinations because the Social Security regulations do not obligate them to rely on the Dictionary's definitions." *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003). *See also Conn v. Secretary of Health & Human Services*, 51 F.3d 607, 610 (6th Cir. 1995) (same).

### IV.     Recommendation

Accordingly, I respectfully recommend that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should (1) re-evaluate plaintiff's limitations with respect to neck flexion, (2) re-evaluate plaintiff's limitations on pushing and pulling, and (3) re-evaluate plaintiff's ability to perform other work at step five of the sequential evaluation, including the 10,000 jobs identified in the ALJ's decision.


Dated:  November 7, 2008                                          /s/ Hugh W. Brenneman, Jr.
                                                                  HUGH W. BRENNEMAN, JR.
                                                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).