UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA A. SASSAN,

        Plaintiff,

Case No. 1:08-cv-120

Hon. Robert J. Jonker

vs.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the court on ""Plaintiff's Application for attorneys' fees under the Equal Access to Justice Act and for entry of final judgment order" (docket no. 21). Plaintiff seeks two types of relief. First, plaintiff seeks entry of a final judgment. Second, plaintiff seeks attorney fees under the Equal Access to Justice Act (EAJA) in the amount of $7,596.10.

    **I.**    **Motion for entry of final judgment**

On November 7, 2008, the undersigned issued a Report and Recommendation ("R & R") to reverse and remand this action pursuant to sentence four of 42 U.SC. § 405(g). *See* docket no. 160. On December 15, 2008, the district judge adopted the R & R as the opinion of the court, with the following directions on remand, "the Commissioner should (1) re-evaluate plaintiff's limitations with respect to neck flexion, (2) re-evaluate plaintiff's limitations on pushing and pulling, and (3) re-evaluate plaintiff's ability to perform other work at step five of the sequential evaluation, including the 10,000 jobs identified in the ALJ's decision." *See* docket no. 17. Plaintiff filed this application for attorney fees and entry of a final judgment on March 16, 2009.

The EAJA provides in pertinent part that:

> A party seeking an award of fees and other expenses shall, <u>within thirty days of final judgment in the action</u>, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B) (emphasis added).

In light of recent Sixth Circuit decisions, the court concludes that the "Order and Judgment approving Report and Recommendation" (docket no. 17) was not a "final judgment in the action," because the "judgment" was not filed as a separate document. *See* Fed. R. Civ. P. 58(a) ("[e]very judgment and amended judgment must be set out in a separate document"); *Rogalski v. Michigan Department of Corrections Bureau of Health Care Services*, No. 09-1444 (6th Cir. Sept. 2, 2009) (a district court's adoption of a report and recommendation in a document titled "judgment" is not considered the entry of a "separate judgment" as required by Fed. R. Civ. P. 58(a)(1)). That being the case, pursuant to Fed. R. Civ. P. 58(c), judgment was entered on May 14, 2009, i.e., 150 days after the court's December 15, 2008 order adopting the report and recommendation.[1]

---

[1] Pursuant to Fed. R. Civ. P. 58(c):

> "judgment is entered at the following times: . . . . (2) if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs:
>
> > (A) it is set out in a separate document; or
> >
> > (B) 150 days have run from the entry in the civil docket."

2

Assuming that the court's order and judgment entered on December 15, 2008 was not a final judgment under Rule 58(a), plaintiff's application for EAJA fees was premature, having been filed on March 16, 2009, some two months before the judgment was entered by operation of Rule 58(a). However, the motion will not be dismissed, but will be treated as if it were filed during the thirty-day period following the final judgment. *See Sparling v. Sullivan*, 785 F. Supp. 312, 318 (N.D. N.Y. 1992) (treating prematurely filed application for EAJA fees as if it were filed during the thirty-day period following the final decision). Because the judgment became final as of May 14, 2009, that portion of plaintiff's motion "to enter a final judgment order" has been rendered moot.

## II. Plaintiff's claim for fees under the Equal Access to Justice Act

### A. Legal standard

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A).

Eligibility for an EAJA fee award in a civil action requires:

> (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment n the action and be supported by an itemized statement.

*Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990).

**B. Discussion**

Defendant does not object to an award of fees under the EAJA. Rather, he objects to the amount of the fees requested. Plaintiff was represented by the law firm Daley, DeBofsky & Bryant of Chicago, Illinois. She seeks fees for work performed by three attorneys (Frederick J. Daley, Jr., Marcie E. Goldbloom, and Kate Hoppe) (41.58 hours billed at an hourly rate of $170.00), a "law clerk with J.D." (Suzanne Blaz) (3.7 hours billed at an hourly rate of $124.00), and a "Paralegal and Law Clerk" (Karolina Filipiak) (.65 hours billed at an hourly rate of $100.00). *See* docket no. 21-4. Defendant asserts: that plaintiff should not receive 1.9 hours for matters handled prior to the filing of the complaint in district court; that plaintiff should not receive 1.3 hours of time billed for clerical tasks; that the paralegal work performed by Ms. Blaz and Ms. Filipiak be reduced to 3.05 hours and billed at an hourly rate of $75.00; that the attorney fee be reduced to 39.68 hours and billed at an hourly rate of $125.00; and that the fees be reduced across the board due to the lack of specificity set forth in the billing.

**1. Hours billed before the filing of the complaint**

Defendant contends that plaintiff is not entitled to 1.9 hours billed by Attorneys Daley and Goldbloom on January 16, 2008, approximately three weeks before the complaint was filed. These charges appear to be for the attorneys' time spent in deciding whether to file an appeal in federal court. *See* docket no. 21-4. Defendant relies on *Berman v. Schweiker*, 713 F.2d 1290, 1296 (7th Cir. 1983), in which the court observed that "[t]he legislative history of the EAJA clearly indicates that [plaintiff] is precluded from obtaining attorneys' fees for work done during the administrative stage of the case." *Berman*, however, is inapplicable, because these charges do not relate to work done by the attorneys at the administrative agency. Plaintiff's counsel reviewed the

4

file after the conclusion of the administrative proceedings, presumably to evaluate plaintiff's claims for an appeal. Accordingly, plaintiff is not precluded from requesting these charges under the EAJA.

    **2.    Clerical tasks**

Defendants object to 1.3 hours for clerical work performed by a law clerk on January 16th, 17th, 18th and 28th, 2008, and May 12, 2008. Defendant's Response at p. 7 (docket no. 23). Given the poor organization and sometimes vague entries in the "Sassan EAJA Time Log" (docket no. 21-4), it is virtually impossible to determine the exact work performed on each of those days. It appears that this work involved drafting and sending forms to plaintiff, efforts to locate plaintiff, and receiving forms from plaintiff. *See* docket no. 21-4. "A prevailing party that satisfies the EAJA's other requirements may recover paralegal fees from the Government at prevailing market rates." *Richlin Security Service Company v. Chertoff*, -- U.S. --, 128 S. Ct. 2007, 2019 (2008). Paralegal or legal assistant fees have generally been considered as recoverable under the EAJA "to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client."[2] *Hyatt v. Barnhart*, 315 F.3d 239, 255 (4th Cir.2002). The court considers the tasks referenced above to be clerical in nature and not compensable as tasks "traditionally performed by attorneys." Accordingly, plaintiff is not entitled to compensation for this time, which is essentially attorney overhead expense.

---

[2] In *Richlin*, the Supreme Court addressed the payment of paralegal fees for an EAJA fee claim brought under 28 U.S.C. § 504 for proceedings in an administrative agency. *See Richlin*, 128 S. Ct. at 2011-12. After noting that "virtually identical" fee-shifting provisions apply to actions by or against the government in federal court under 28 U.S.C. § 2412, the Supreme Court stated, "[w]e assume without deciding that the reasoning of our opinion would extend equally to §§ 504 and 2412." *Id.* at 2012, fn. 3

### 3. Paralegal hourly rate

Next, plaintiff seeks $527.50 for 4.35 hours of law clerk and paralegal work. Defendant contends that the court should award fees for this work at the "median rate for paralegal billing in Michigan" of $75.00, an amount reflected in the State Bar of Michigan <u>2007 Economics of Law Practice Survey</u>. *See* docket no. 23-2. The court agrees with defendant that this rate is reasonable for work performed by a paralegal in this locality. Accordingly, plaintiff is entitled to 4.35 hours of paralegal work at the hourly rate of $75.00 for a total fee of $326.25.

### 4. Attorney hourly rate

Plaintiff seeks compensation at an hourly rate of $170.00. Under the EAJA, the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff bears the burden of producing appropriate evidence to support an increase in fees over the statutory hourly rate. *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009). In *Bryant*, the Sixth Circuit clarified that submission of the Department of Labor's consumer price index (CPI) and an argument that the rate of inflation supports an increase in fees, is "not enough" to prove that counsel is entitled to an increase in the $125.00 hourly rate as set by the EAJA. *Id.* Rather, "[p]laintiffs must 'produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' " *Id.*,

quoting *Blum v. Stevenson*, 465 U.S. 886, 895 n.11 (1984). In awarding attorney fees, this court should apply the "local" rate charged by lawyers rather than counsel's "home" rate. *See Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) ("[t]he Sixth Circuit has resolved that, when a counselor has voluntarily agreed to represent a plaintiff in an out-of-town lawsuit, thereby necessitating litigation by that lawyer primarily in the alien locale of the court in which the case is pending, the court should deem the 'relevant community' for fee purposes to constitute the legal community within that court's territorial jurisdiction").

Here, plaintiff's three attorneys submitted copies of their professional qualifications or resumes, along with a copy of a CPI for December 2008, and a calculation of the cost of living increase based on the "all items" index of the CPI from March 1996 to December 2008 for "the Chicago, Gary, Lake County area for All Urban consumers." *See* docket nos. 21-2, 21-3 and 21-5. Based on the cost of living increase from the adoption of the EAJA's hourly rate of $125.00, plaintiff's attorneys requested an increase in the EAJA fees of $45.00 per hour, resulting in an hourly rate of $170.00 for this case. *See* docket no. 21-3. After defendant filed his objections to this rate, plaintiff submitted a reply, which included a calculation in the increased cost of living in the "Detroit area," which resulted in an increase in the EAJA fees from March 1996 through December 2008 of $37.50, for an hourly rate of $162.50. *See* docket no. 24-2. Plaintiff did not submit any affidavits from counsel or submit any evidence for the prevailing rates *in the Western District of Michigan* "for similar services by lawyers of reasonably comparable skill, experience, and reputation." Accordingly, plaintiff has not demonstrated that her attorneys are entitled to compensation above the statutory cap of $125.00 per hour.

### 5. Other reductions

Finally, defendant asks that this court further reduce the EAJA fees "as it deems appropriate" because the "time entries fail to identify with any real specificity the task on which the attorney or law clerk was working and the issues briefed in the district court were first developed in Plaintiff's request for review filed with the Appeals Council." Defendant's Response at 10. The court notes some overlap in the work performed by plaintiff's three attorneys. The record reflects that Attorney Hoppe spent 31 hours on this case, the vast majority of which involved preparation of plaintiff's brief and reply. *See* docket no. 21-4. The record reflects that Attorney Daley spent 3.5 hours on the initial brief (5/23/2008 and 5/27/2008) and 3.25 hours on the reply brief (7/28/2008).[3] While plaintiff chose to hire a law firm with multiple attorneys, defendant is not required to pay multiple attorneys for work performed on a particular court document. For that reason, the attorney fees should be reduced by 6.75 hours to reflect the fact that multiple attorneys worked on the brief and reply. Accordingly, the attorney hours should be reduced from the requested amount of 41.58 hours to 34.83 hours.

### 6. Summary

Based on the foregoing, the court should award plaintiff attorney fees pursuant to the EAJA in the amount of $4,353.75 (i.e., 34.83 hours x $125.00) and paralegal fees in the amount of $ 326.25 (i.e., 4.35 hours x $75.00) for a total fee of $4,680.00. Plaintiff's counsel specifically requests that this EAJA fee be "payable to Frederick J. Daley, Jr. and Daley, DeBofsky & Bryant" pursuant to an "Assignment of EAJA Fee" executed by plaintiff. *See* docket no. 21-9. The court

---

[3] It is difficult to match the description of work performed with the dates of the work performed due to the mis-alignment of the "Description" and the "Total Dur" [sic] columns in the EAJA Time Log. *See* docket no. 21-4.

disagrees. The Sixth Circuit has recently held that EAJA attorney fees are to be awarded to the plaintiff as the "prevailing party," rather than to the plaintiff's counsel. *See Bryant*, 578 F.3d at 446-49 ("we conclude that [Congress] did not intend attorney fees under the EAJA to be payable directly to the party's attorney"). Plaintiff's assignment does not alter the legal framework as set forth in *Bryant*. *See, e.g., Rosenstiel v. Astrue*, No. 2:08-cv-231, 2009 WL 3061996 at *2 (E.D. Ky. Sept. 22, 2009) (after determining that a Social Security claimant cannot assign EAJA award to counsel as part of the EAJA proceedings, the court noted that while the claimant's contract assigning the EAJA fee to his counsel did not alter the analysis "with respect to what is required under the applicable statute and case law," the court's awarding EAJA fees "does not prevent [p]laintiff from subsequently assigning the proceeds to his attorney in accordance with the fee contract"). Accordingly, plaintiff's request that the court adopt this payment arrangement should be denied.

### III. Recommendation

Accordingly, I respectfully recommend that plaintiff's application for attorney fees pursuant to the EAJA (docket no. 21) be **GRANTED in part** and that defendant pay plaintiff attorney fees in the amount of **$4,680.00**.

I further recommend that plaintiff's motion for entry of final judgment order (docket no. 21) be **DENIED** as **moot**.


Dated: January 13, 2010 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).