UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA J. SASSAN,

        Plaintiff,

                                    CASE NO. 1:08-CV-120

v.

                                    HON. ROBERT J. JONKER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.
_____/

## ORDER MODIFIYING AND APPROVING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation regarding attorney fees in this matter (docket # 25) and Defendant's Objections to the Magistrate Judge's Report and Recommendation (docket # 26). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation, as modified by this Order, is factually sound and legally correct. The Report and Recommendation recommends that the Court award plaintiff attorney fees in a total of $4,680.00. In reaching that figure, the Magistrate Judge applied billing rates lower in some instances than the rates Plaintiff sought, and deducted from the calculation some of the hours of work for which Plaintiff requested fees. The Report and Recommendation describes in careful detail the reasons for applying particular rates and deducting certain hours. Plaintiff raises several objections.

Plaintiff objects first that the Magistrate Judge "erred in[] applying only the EAJA statutory rate of $125" per hour for attorney fees instead of the higher rate Plaintiff had requested. (Obj., docket # 26, 1-2.) Plaintiff asserts that she submitted an "appropriate calculation" to justify a higher rate and points out that Defendant did not contest the proposed higher rate. (*Id.* at 2.) Plaintiff concedes that she did not submit affidavits or similar evidence to support the higher rate. (*Id.*) The Court agrees with the Magistrate Judge, for the very reasons discussed in the Report and Recommendation, that Plaintiff has not made the showing necessary to warrant a rate beyond the EAJA statutory rate. A "calculation," regardless of whether contested, is not sufficient support. *See Bryant v. Comm'r of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009). The Magistrate Judge correctly determined the applicable rate.

Plaintiff next objects to the Magistrate Judge's finding that Plaintiff's counsel's law clerk was entitled to $75 per hour rather than the higher rate Plaintiff requested. (Obj., docket # 26, at 3.) Plaintiff emphasizes that the law clerk held a J.D. at all times she worked on Plaintiff's case. (*Id.* at 3.) Plaintiff also directs the Court's attention to two cases out of the Northern District of Illinois in which $125 or higher per hour was deemed an appropriate rate for the law clerk's time. (*Id.*) Plaintiff's arguments do not persuade the Court. Nowhere does Plaintiff describe the law clerk as a licensed attorney. Nor are rates appropriate in the Northern District of Illinois necessarily appropriate in the Western District of Michigan. The Court agrees with the Magistrate Judge's determination that a rate of $75 applies.

Plaintiff also objects to the Magistrate Judge's rejection of fees for portions of work the Magistrate Judge found clerical in nature. Plaintiff emphasizes that the time entries at issue reflect communications with the client and completion of materials to be submitted in federal court. (*Id.* at 3-4.) Though the question is close, the Court agrees with Plaintiff that it is proper to include this time in calculating the fee award, and the 1.3 hours at issue will be included in the calculation. Plaintiff objects further that the Magistrate Judge should not have excluded from the fee calculation some of the work of multiple attorneys on the case. (*Id.* at 4-6.) Plaintiff points out that it is not unusual for multiple attorneys to work on a case together and for a supervising attorney to review and reshape the work of members of the legal team. (*Id.*) The Court agrees that the 6.75 hours the Magistrate Judge excluded from the calculation as overlapping belong in the calculation.

Finally, Plaintiff objects to the Magistrate Judge's determination that the EAJA legal fees must be awarded and paid to Plaintiff rather than to her counsel. Plaintiff raises several arguments, none of which addresses key Sixth Circuit precedent, cited in the Report and Recommendation,

which plainly holds that EAJA fees are to be awarded to the prevailing party, rather than to his or her counsel.  *See Bryant*, 578 F.3d at 446-49.  The Magistrate Judge correctly considered and applied the applicable law.

Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 25), as modified by this Order, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Application for Attorneys' Fees under the Equal Access To Justice Act (docket # 21), is **GRANTED IN PART** and **DENIED IN PART**.  Defendant shall pay Plaintiff attorney fees in the amount of $5,621.25.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Final Judgment Order (docket # 21) is **DENIED AS MOOT**.


Dated:     September 28, 2010             /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE